## (July 25, 1974)

■ In the Matter of LEROY BARNES, Petitioner, v. JOSEPH COHEN, as Justice of the Supreme Court, Bronx County, Respondent.—Petition for an order pursuant to CPLR article 78 in the nature of mandamus on the ground that the Hearing Justice abused his discretion in refusing to approve a bail bond, unanimously granted, without costs and without disbursements, on the law, and the Hearing Justice is directed to accept such bond, if offered. While it is contended by the People that the obligor bonding company, Stuyvesant Insurance Co., has refused to issue the bond because it requires security of 50% of the principal amount in cash, the affidavit of the representative of the proposed obligor indicates a willingness to issue the bond, and so assuming such willingness, we go to the merits of the matter. Leroy (Nicky) Barnes was charged with murder and alleged to be a principal in the narcotics traffic in the city. Bail was set at $100,000. The Stuyvesant Insurance Co. was willing to provide the bond. Questions were raised as to the underlying indemnification given to the insurance company. After some four days of the hearing in which counsel for defendant Barnes properly participated, the court accepted $30,803.87 of

the underlying security, but held that this was not sufficient, because it required two thirds of the amount of the bond for indemnification. Approximately two thirds had been offered, but a good deal of that had been rejected by the court. CPL 520.30 as to sufficiency provides: "1. * * * the court may conduct an inquiry for the purpose of determining the reliability of the obligors, the value and sufficiency of any security offered, and whether any feature of the undertaking contravenes public policy". This provision is directed primarily toward the obligor (here the insurance company) rather than the underlying indemnification, except to the extent of any public policy question. Many of the people who were offering indemnification made it clear at the hearing that they really did not know the defendant, and so there might be some suspicion as to how it is that they were offering to help him and the source of the funds. However, the court accepted approximately half of the indemnification offered, a substantial sum, which disposes of that aspect. For bail to mean anything, see *Bellamy* v. *Judges & Justices* (41 A D 2d 196, affd. without opn. 32 N Y 2d 886), if a qualified company is willing to write a bond, then the requirements are fulfilled for the purpose of bail, which is the guarantee of the appearance of the defendant at the trial. Concur — McGivern, P. J., Nunez, Kupferman, Murphy and Steuer, JJ.