OPINION OF THE COURT
Alvin Schlesinger, J.
Following conviction and sentence for manslaughter in the second degree and other crimes, defendant sought and obtained a stay pending appeal pursuant to an order issued by a Justice of the Appellate Division, First Department. Among other conditions the order required the filing by defendant of a "fully secured surety company bond” in the sum of $100,000. In purported compliance with that condition, defendant filed a bond of the International Fidelity Insurance Company in the *16 penal sum of $100,000. The attached justifying affidavit reflected that the bond was secured by real property valued at $150,000, subject to an outstanding mortgage lien of $30,000.
Procedurally, after the posting of the bond, the matter was adjourned for hearing pursuant to CPL 520.30 and 500.10 to determine its sufficiency.
The sole issue before this court is whether the proffered bond meets the statutory definition of a fully secured bail bond as defined in CPL 500.10 (17) (b). This court finds that it does not.
Admittedly, the term "fully secured surety company bond” as required in the stay is not defined per se in CPL 500.10. However, the precise and encompassing definitions in that section clearly define that term. A bail bond is defined as a written undertaking, executed by one or more obligors, that the principal designated in such instrument will, while at liberty as a result of an order fixing bail appear in a designated criminal action and that in the event he fails to do so, the obligor or obligors will pay to the State of New York a specified sum of money (CPL 500.10 [13]). A surety bond means a bail bond in which the obligor or obligors consist of one or more sureties or of one or more sureties and the principal. (CPL 500.10 [15].) An insurance company bail bond means a surety bond where the surety-obligor is a corporation licensed by the Superintendent of Insurance (CPL 500.10 [16]). Thus, the pivotal phrase is a fully "[s]ecured bail bond” which is defined (CPL 500.10 [17] [b]) as "a bail bond secured by * * * [r]eal property having a value of at least twice the total amount of the undertaking” (emphasis supplied).
The bond required by the Appellate Division is admittedly one of the most onerous forms of bail undertaking. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 520.10, p 41.)
In light of the statutory language cited above, the bond submitted is insufficient on its face. A bond fully secured by real property requires that the property be twice the amount of the undertaking. This determination is made without considering whether the value of the property as stated in the justifying affidavit is based on the market value of the real property or the assessed value as mandated by CPL 500.10 (17) (b).
The court finds without merit defendant’s contention that Matter of Barnes v Cohen (45 AD2d 837) and People v Dizdar *17 (91 Misc 2d 23) are controlling. Although both cases arose out of a proceeding pursuant to CPL 520.30, focused on the sufficiency of bonds, neither case involved the issue raised herein. In the Barnes case (supra) the court was concerned with whether the security posted came from an illegal source. Likewise, in Dizdar (supra), the court was concerned with whether any bond could secure defendant’s appearance where the Federal authorities had previously filed a detainer for defendant on the same charges as those pending in State court. Neither case involved the statutory definition of a fully secured surety company bond.
Accordingly, the bond is insufficient and defendant is remanded for failure to meet the bail condition set by the Appellate Division.