■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM MASSELLI, on Relation of JOHN N. IANNUZZI, Appellant, v MARTIN LEVY, Respondent.—Judgment of the Supreme Court, Bronx County (Martin B. Klein, J.), entered August 13, 1986, which denied relator-appellant's petition for a writ of habeas corpus subsequent to Criminal Term's denial of bail pending trial for the crime of murder in the second degree (indictment No. 3570/84), is reversed, on the law and facts, without costs, the petition granted and appellant continued on bail status in accordance with the amount and conditions set forth by this court in its order of September 16, 1986.

Judgment of the Supreme Court, Bronx County (Howard E. Goldfluss, J.), entered August 15, 1986, which denied without prejudice appellant's petition for a writ of habeas corpus subsequent to a denial of a bail application in indictment No. 3571/84, is reversed, on the law and facts, without costs, the petition granted and appellant continued on bail status in accordance with the amount and conditions set forth by this court in its order of September 16, 1986.

In 1984, while appellant was a Federal prisoner on unrelated charges, he was indicted by the Grand Jury of Bronx County for murder in the second degree (indictment No. 3570/84). He was charged with allegedly hiring an accomplice to kill one Salvatore Frascone and driving the accomplice to a location where, after receiving a signal from appellant, the accomplice shot and killed Mr. Frascone. At the same time,

appellant was charged in indictment No. 3571/84 with committing grand larceny in the second degree and various other crimes, with others, in an alleged scheme to defraud the New York City Transit Authority.

At his arraignment, since appellant was an incarcerated Federal prisoner, he was denied bail pending trial of both indictments. At approximately the same time as his arraignment on these charges, appellant was transferred from Federal custody to the custody of the State of New York, in accordance with the Interstate Agreement on Detainers.

Thereafter, on July 2, 1986, almost six weeks prior to his mandatory release date of August 12, 1986 on the Federal charges, appellant appeared before Judge Bernard Fried, presiding over indictment No. 3570/84, and requested reconsideration of his remand status and a predetermination of his eligibility for bail pending trial. After hearing, Judge Fried ruled that appellant would continue on remand, but that if trial did not commence on either indictment by September 2, 1986, he would admit appellant to bail. Appellant brought the instant writ of habeas corpus, claiming the denial of bail on the murder indictment was arbitrary and capricious and an abuse of discretion. As noted, Justice Klein denied this writ and appellant appeals from that judgment.

Subsequently, on August 13, 1986, appellant made an oral application for bail on the larceny indictment, which was denied without prejudice to its submission on papers, preferably to the Justice presiding over that indictment (who was then on vacation). Appellant obtained a second writ of habeas corpus, claiming the denial of bail on the larceny indictment was arbitrary and capricious and an abuse of discretion. In the second judgment appealed from herein, Justice Goldfluss denied the writ without prejudice. On August 11, 1986, after denial of the first writ, a Justice of this court granted appellant interim relief, pending the action of the full Bench, by fixing bail at $200,000 and directing that appellant surrender his passport and report daily to the Bronx County District Attorney's office. On August 15, 1986, following the denial of the second writ, the same Justice fixed $100,000 additional bail and continued the other restrictions. Thereafter, this court, in an order entered September 16, 1986, granted appellant's application for bail to the extent of continuing bail in the amount and on the conditions previously set, pending the hearing and determination of these appeals.

The scope of review by a habeas corpus court is limited to

the record before the nisi prius court and its function is solely to determine whether the constitutional or statutory standards inhibiting excessive bail or the arbitrary refusal of bail are violated. *(People ex rel. Rosenthal v Wolfson,* 48 NY2d 230.) With respect to the bail application on the murder indictment, there was not a sufficient showing in the record which would support Criminal Term's decision denying bail based upon the statutory criteria set forth in CPL 510.30 (2). Thus, at the time of the hearing, there was no record of appellant's failure to respond to court appearances. Moreover, with respect to the homicide charges, appellant had been implicated by the admitted murderer and it was questionable whether this individual would testify, and even if he did so, whether there was corroboration for his testimony.

Criminal Term must have believed the appellant to be a good bail risk since it indicated that, if the trial on either indictment did not begin by September 2, 1986, it would grant appellant bail. The statutory criteria of CPL 510.30 (2) are used to gauge "the only matter of legitimate concern" in such a bail hearing, viz., "whether any bail or the amount fixed was necessary to insure the defendant's future appearances in court". *(Matter of Sardino v State Commn. on Judicial Conduct,* 58 NY2d 286, 289.) We find that the evidence presented at the hearing supported a grant of bail and, accordingly, Criminal Term's denial of such bail was arbitrary and an abuse of discretion. We note also, although we do not take it into account in reaching this determination, that appellant has been released on bail pursuant to the interim order of a single Justice of this court and the subsequent order of this court since August 21, 1986 and has fully complied with the conditions of those orders.

While it is true, with respect to the larceny indictment, that the bail application was not considered on the merits and, therefore, left nothing for the habeas court to review, we see no useful purpose served in compelling appellant to make another application before Judge Collins, who has been presiding at appellant's trial on this indictment every day since September 2nd. Concur—Sandler, J. P., Carro, Asch and Milonas, JJ.