■ In the Matter of STERLING JOHNSON, JR., Petitioner, v STEPHEN G. CRANE, as Justice of the Supreme Court of New York County, et al., Respondents.—Petition, pursuant to CPLR article 78, for a judgment, in the nature of mandamus, to compel consideration of the source of assets offered as indemnification for a bail bond and of the background, character and reputation of the indemnitor, unanimously granted, on the law, without costs, and respondent directed to consider

testimony relevant thereto in approving or disapproving bail (CPL 520.30).

Respondent Peter Calderon is a criminal defendant under New York County Indictment Number 14838/90 charged with criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). Police Officers executing a search warrant on December 11, 1990 recovered over 27 ounces of cocaine and a loaded 9mm semi-automatic pistol from an apartment located at 601 West 190th Street in the Borough of Manhattan where the defendant was taken into custody.

Upon the request of petitioner Special Prosecutor, a hearing was conducted into the source of money proffered as bail, commencing on January 2, 1991. At the conclusion of that hearing, the testimony of the proposed surety, Joseph Lopez, and his wife, Josephina, regarding the source of $35,000 offered as cash bail was found to be incredible. Therefore, respondent Justice disapproved Mr. and Mrs. Lopez as sureties and disallowed the bail.

Following defendant's retention of a new attorney, a second bail source hearing was conducted, beginning January 16, 1991. A bail bondsman for International Fidelity Insurance Company testified that the company was prepared to issue a bond in the amount of $35,000, to be secured by $35,000 in cash posted by the defendant's grandmother, Nellie Becton. Respondent Justice indicated his dissatisfaction with the testimony of Ms. Becton regarding the source of the $35,000 pledged as security, but held that he was prevented from exercising his judicial authority to inquire into its source on the authority of this court's decision in *Matter of Barnes v Cohen* (45 AD2d 837).

*Barnes (supra)* does not represent the wholesale prohibition against inquiry into the source of collateral pledged to secure issuance of a bail bond that has been assumed. Rather, the Criminal Procedure Law grants the Hearing Justice substantial discretion in this regard, enumerating areas into which inquiry may be made, without limiting the court to those matters (CPL 520.30 [1]). Expressly included is investigation of: "(c) The source of any money or property delivered or agreed to be delivered to any obligor as indemnification on the bond, and whether any such money or property constitutes the fruits of criminal or unlawful conduct". The statute further provides: "The district attorney has a right to attend

such inquiry, to call witnesses and to examine any witness in the proceeding" (CPL 520.30 [2]). While the scope of the inquiry is a matter otherwise entrusted to the sound discretion of the court, where inquiry into an area specified in the statute is foreclosed on erroneous legal grounds, the rights of the District Attorney are abrogated and a determination precluded. Because the People have no appeal from an order setting bail (CPL 450.20), a special proceeding for an order by way of mandamus is appropriate.

The facts adduced at the bail hearings conducted in this matter suggest that the $35,000 ultimately pledged as collateral on the bond is the same $35,000 originally offered as cash bail and rejected. At the conclusion of the second hearing, respondent Justice stated, "I don't think that the defendant has justified the underlying undertaking", adding that, if the court were to address the question, "I would disallow."

We agree with the court's sentiment to the effect that a facile manipulation of those funds by converting cash into a bail bond upon payment of a modest premium should not operate to bar judicial inquiry into their source. To the extent that our decision in *Barnes (supra)* may be read to the contrary, we overrule it. Concur—Murphy, P. J., Milonas, Ellerin, Kupferman and Rubin, JJ.