OPINION OF THE COURT
Howard M. Aison, J.
This court fixed cash bail and committed to custody probationer who was charged with a violation of a condition of a felony sentence of probation. Probationer thereafter deposited the bail fixed with the Sheriff (CPL 520.15) and the Sheriff released him from custody without court direction or court approval. The question before us is whether the release of probationer without court direction or court approval was legally permissible.
On December 7, 1992 probationer appeared in court after *269 having been taken into custody pursuant to warrant. Bail was set in the amount of $3,000 and probationer was committed to the custody of the Sheriff. Some time after 5:00 p.m. a surety appeared at the Montgomery County Jail with $3,000 cash, a bail receipt was generated and probationer was released from custody. On December 9, 1992 a Deputy Sheriff telephoned the court and made inquiry as to what was to be done with the deposit thereby bringing to our attention that probationer had been released. The bail receipt set forth the following:
"I, Louis Lasky, address, 41 Hibbard have paid the sum of $3,000.00 for the bail of Stanley Ralys who is charged with the offense of section 109-91 of the Penal Law of the State of New York. If bail, the defendant will return to the County Court on no return date to answer to the charge, or face the loss of the amount of the bail paid. The Judge setting bail was Judge H. Aison.
(s) Louis Lasky (s) Stanley Ralys (s) Pep. Pamela J. Busseno
Signature of Person Paying Signature of Defendant Signature of Deputy Accepting Payment of Bail
12/7/92_ Date
Signed At
Montgomery County Correctional Facility
Park Street, Fonda, New York 12068
(518) 853-4312
Copies To: Ralys, Stanley Defendant”.
CPL 520.15 (1) authorizes that cash bail may be deposited with the (a) County Treasurer of the county in which the criminal action or proceeding is pending or, in the City of New York, with the Commissioner of Finance, or (b) the court which issued such order, or (c) the Sheriff in whose custody the principal has been committed. This section goes on to state: "Upon proof of the deposit of the designated amount the principal must be forthwith released from custody.” (Emphasis added.) If the Sheriff could immediately release a principal from custody upon receiving a deposit of cash bail the emphasized words must be construed as redundant. The Sheriff does not need proof of the deposit as the Sheriff has the deposited bail money in possession. One could interpret that the emphasized words are not redundant arguing they refer to a situation wherein the cash bail is deposited with the County Treasurer and proof of the deposit is served on the Sheriff. However, had the Legislature contemplated a Sheriff, not the *270 court, releasing a principal from custody, the last sentence of CPL 520.15 (1) would have expressly so indicated. "A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended.” (McKinney’s Cons Laws of NY, Book 1, Statutes §74.) It is the basic tenet of both constitutional and statutory construction that the general intent of an article or statute should govern the interpretation of any one part (Matter of Hurowitz v Board of Elections, 53 NY2d 531, 533). In reviewing the other bail provisions contained in CPL article 500 it is obvious that there is a legal requirement that the court, not the Sheriff, direct or approve the release of a principal who is in custody.
CPL 520.15 (2) requires that upon posting cash bail the person posting said cash bail must complete and sign a form containing a litany of required information. The court, not the Sheriff, must make a determination whether the cash bail form completed complies with law. In reviewing the bail receipt in this proceeding we find that it is not in compliance with law. The complete address and occupation of the surety, the title of the action, the status of the action, the offense charged and the date of the principal’s next appearance in court have not been set forth. Additionally the signatures of the principal and surety have not been sworn to (22 NYCRR 200.8; 22 NYCRR subtitle D, ch VI, forms 7, 8). If the Sheriff could immediately release a principal from custody after receiving a cash bail deposit, or proof of a deposit with the Treasurer, assuming all the other mandates of CPL 520.15 (2) have been met, the requirement of CPL 520.15 (2) (f) directing that the principal’s next court appearance date be set forth could not be complied with as this date would not be known to the Sheriff.
Prior to releasing a principal from custody the court may, pursuant to CPL 520.30 (1), conduct an inquiry. By passing this section of the CPL the Legislature recognized that occasionally cash bail deposited constitutes the fruit of criminal or unlawful conduct and that one of the purposes of bail, to ensure the future appearance of a principal, could very well be frustrated if a principal or a surety depositing cash bail lacked any concern that the cash bail deposited would be forfeited with the only motivation being the principal’s release from custody and disappearance from the jurisdiction. The Legisla *271 ture also recognized that it is contrary to public policy to allow a principal or surety to use proceeds of criminal activity to obtain the bail release of a principal charged with a felony. This section would be totally ineffectual if CPL 520.15 (1) was construed as authorizing the Sheriff, without court direction or approval, to release a principal from custody upon the deposit of cash bail.
Most significant is CPL 510.40 (3) which states that the court must examine the posted bail to determine whether it complies with the court order, approve or disapprove the same and if approved, issue a certificate directing that the principal be discharged from custody.
For the reasons set forth above we hold that it is not legally permissible for the Sheriff to release a principal from custody without court direction or court approval. In directing or approving said release the court, in its discretion, may require that the principal appear before the court prior to being released. It is proper, if not required practice, that the court inform the principal that if the principal fails to appear in court in the future the principal can be charged with bail jumping, a felony; that the principal must stay in touch with his or her attorney; that if the principal is charged with a crime while out on bail the principal’s bail status may change; and that the principal has a right to be present at trial but if the principal intentionally or willfully is absent from the court’s jurisdiction or if the principal intentionally or willfully fails to appear for trial, the court can proceed with the principal’s trial in the principal’s absence (People v Parker, 57 NY2d 136).
Nothing set forth above should be construed as contrary to the legislative intent that the principal, upon depositing cash bail, must be forthwith released from custody (CPL 520.15 [1]). Whether the principal appears personally before the court or otherwise, we hold that the word "forthwith” as set forth in CPL 520.15 (1) means on the day of the deposit or on the next business day.
We treat the release of probationer on December 7, 1992 as a nullity. We approve and direct that probationer be released on his own recognizance and that his attorney file with the court bail paperwork setting forth that cash bail in the amount of $3,000 has been deposited with the Sheriff in the form required by law (CPL 520.15 [2]).