OPINION OF THE COURT
Zelda Jonas, J.
The defendant has been charged with two counts of murder in the second degree (Penal Law § 125.25 [1], [2]) and one count of tampering with evidence (Penal Law § 215.40 [2]) under indictment No. 97380. On January 21, 1997, the defendant was arraigned upon the indictment and pleaded not guilty, and a bail application was denied. The defendant was remanded with no bail (CPL 510.20 [2]).
The defendant filed a writ of habeas corpus with the Appellate Division, Second Department, to fix bail upon the indictment. On February 7, 1997, the Appellate Division, Second Department, sustained the writ "to the extent of fixing bail on Nassau County Indictment No. 97380 in the sum of $750,000, which may be posted in the form of an insurance company bail bond in that sum or by depositing the same sum as a cash bail alternative, on the condition that the defendant surrender his passport to the Clerk of the County Court, Nassau County, contemporaneously with the filing of the bond or the deposit of the cash bail alternative, and the writ is otherwise dismissed” *65 (People ex rel. Malerba [Pullara] v Warden, — AD2d--, 1997 NY Slip Op 01409 [2d Dept, Feb. 7, 1997]).
On February 11, 1997, the People served an order to show cause upon the defendant to show cause why an order should not be made:
"1. Ordering that a sufficiency hearing be held pursuant [to] section 520.30 of the Criminal Procedure Law, in the event of a bail bond, before a bail bond is signed by the court or, in the event of cash bail, before cash bail is accepted for the defendant, VINCENZO PULLARA.
"2. Ordering that the defendant, vincenzo pullara, remain in the custody of the Sheriff of Nassau County until this court issues an order either approving or disapproving the bail.”
In support of the order to show cause, the People affirm that "the defendant’s close association with members of organized crime [provides] reasonable cause to believe that any money posted as cash bail or any money or property posted as collateral for a bail bond will be the fruits of criminal or unlawful conduct or not rightfully in possession of the person posting it” (People’s affirmation, at 3). The People have provided a list of instances where the defendant was observed by the FBI in the company of known members of organized crime.
The defendant has submitted an affirmation in opposition contending that the court lacks jurisdiction to conduct a sufficiency hearing pursuant to CPL 520.30. The defendant argues that the sufficiency hearing must be conducted by the Appellate Division since it set the terms of the bail after reviewing this court’s decision pursuant to a writ of habeas corpus.
Secondly, the defendant contends that the application for a sufficiency hearing is premature since there has been no posting of bail.
The defendant’s contention that this court does not have the jurisdiction to conduct the sufficiency hearing is without merit. In the instant case, the jurisdictional authority of the Appellate Division is limited solely to the review of the habeas corpus petition filed by the defendant following a denial of bail by this court (CPLR 7002 [b] [2]), and that scope "is quite narrow, being limited to a consideration of whether the denial constitutes an abuse of the court’s statutory discretion pursuant to CPL 510.30 or a violation of a constitutional standard prohibiting excessive bail or its arbitrary refusal” (People ex rel. Hunt v Warden, 161 AD2d 475, 476, lv denied 76 NY2d 703; People ex rel. Klein v Krueger, 25 NY2d 497, 501-502).
Further, the order of the Appellate Division of the Second Department dated February 7, 1997 directs that the bail bond *66 or cash bail be deposited with the Clerk of the County Court, Nassau County. Since the bail is to be posted with the Clerk of the Nassau County Court, this court, as the nisi prius court, has the authority to examine the bail (CPL 510.40 [3]) and to order a sufficiency hearing if it deems to be necessary (CPL 520.30 [1]).
Equally without merit is the defendant’s argument that since there has been no posting of bail, the People’s application for a sufficiency hearing is premature.
In logically and reasonably interpreting the bail provisions of CPL articles 500, 510 and 520, this court finds that it has the authority to order that, should the defendant post bail, a sufficiency hearing shall be held and that the defendant shall remain in the custody of the Sheriff of Nassau County at the Nassau County Correctional Facility until the court has either approved or disapproved the bail sought to be posted by the defendant.
The purpose of bail is to secure the defendant’s appearance at all proceedings before the court (CPL 510.30 [2] [a]; People ex rel. Ryan v Infante, 108 AD2d 987). "Bail” means cash bail or a bail bond (CPL 500.10 [9]).
The court is authorized to examine both bail bond or cash bail posted to determine whether it complies with the court order of bail and to approve or disapprove the same. If approved, the court must issue a certificate of release, and if the defendant is in custody of the Sheriff at the time, the court must direct the Sheriff to discharge the defendant (CPL 510.40 [3]). (See, Matter of Ralys, 156 Misc 2d 268.)
Approval is not a foregone conclusion. The court has the authority, pursuant to CPL 520.30, to order a sufficiency hearing for the purpose of determining the reliability of the obligors securing the bail bond or the person posting cash bail, the value and sufficiency of any security offered, and whether any feature of the undertaking contravenes public policy (CPL 520.30 [1]). At the conclusion of the inquiry, the court must issue an order either approving or disapproving the bail (CPL 520.30 [3]).
The hearing is to ensure that the purpose of bail, i.e., to secure the defendant’s appearance at all proceedings before the court, is achieved. To further these goals, as applied to bail bonds, the Appellate Division, First Department, has approved inquiries as to the background, character, and reputation of the indemnitor and the source of the assets offered as collat *67 eral for the bail bond at the sufficiency hearing holding that CPL 520.30 "grants the Hearing Justice substantial discretion” (Matter of Johnson v Crane, 171 AD2d 537, 538). Courts of coordinate jurisdiction have adopted this approach to justify a bail bond inquiry that extends beyond the financial soundness of the obligor to examine the background and purpose of any indemnitor, the source of the collateral (People v McIntyre, 168 Misc 2d 556, 559; People v Martinez, 166 Misc 2d 781, 783), as well as the indemnitor’s motive in posting the bond.
In People v Esquivel (158 Misc 2d 720, 731), the court held that "[t]he public’s confidence in the criminal justice system would unquestionably suffer if Judges were prohibited from disallowing bail bonds which do not ensure a defendant’s return, but instead, invite flight”.
The statute provides that when a bail bond is posted, the bail bond and justifying affidavits must be presented to the court for approval prior to the court ordering the defendant’s release from incarceration (CPL 520.20 [1] [a]; 530.40 [3]). Interestingly, even this statutory provision did not protect the public from the release of the defendant in People v Martinez (166 Misc 2d 781, 782, supra) where the arraigning Judge directed that any proposed surety be examined prior to the defendant’s release. "Notwithstanding the Judge’s order, defendant was released from custody upon the posting of a bond two weeks later, without the surety having been examined” (supra, at 782).
When the bail posted is cash bail, the inquiry at a sufficiency hearing would remain the same (CPL 520.30 [1] [e], [f]); however, the danger of the defendant’s being released without a sufficiency hearing is exacerbated. A defendant could be released prior to the court, or the People, receiving notification to request a sufficiency hearing. Cash bail could be posted at the jail with the Sheriff of the correctional facility, and the defendant could erroneously be released without obtaining court approval, since CPL 520.15 (1) provides that upon proof of the deposit of the designated amount of cash bail, the principal must be "forthwith released” from custody.
This anomaly within the law remains despite the sweeping revisions in the bail statutes made by the New York State Legislature in 1984 which equalized the treatment of bail bond obligors and cash bail providers. "Forthwith release without any notification to the prosecutor, who may initiate that inquiry, seems clearly inconsistent with the subsequent 1984 legislation” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 520.15, at 51).
*68 An interpretation of CPL 520.15 (1) requiring forthwith release of the defendant prior to court approval would also be inconsistent with the statutory authority of CPL 510.40 (3), which clearly states that the Sheriff is not to discharge a person upon the posting of bail until there is court approval of the posted bail, a certificate of release issued, and an order from the court "directing the sheriff to discharge him therefrom”.
When there is an apparent statutory conflict the court must endeavor to reconcile the conflict to give effect to both statutes. Since both CPL 520.15 and 510.40 are integral parts of the bail provision of the Criminal Procedure Law, both sections must be read together and harmonized, if possible, to achieve a reasonable result giving effect to each one (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 221-223, at 374-387; see, Matter of Roballo v Smith, 63 NY2d 485, 489). A harmonized application of the two statutes is obtained in this case by the court directing that the defendant be released on cash bail forthwith only after the approval of the cash bail by the court, the issuance of a certificate of release by the court, and a direction to the Sheriff to discharge the person pursuant to CPL 510.40 (3). Only such an interpretation would be consistent with the bail provisions contained in CPL articles 500, 510, 520, and the public policy concerns addressed by the legislation of 1984.
The public confidence in the criminal justice system would be severely diminished if defendants were first allowed to be released upon the posting of bail, whether it is a bail bond or cash bail, prior to the court conducting a sufficiency hearing. The bail so posted may very well, instead of ensuring a defendant’s return, "invite flight” (People v Esquivel, 158 Misc 2d 720, 731, supra) or contravene the public policy consideration of bail.
Therefore, a court authorization issued to the Sheriff’s department directing that the defendant not be released prior to the court conducting a sufficiency hearing is not premature and clearly is consistent with the bail provisions of CPL articles 500, 510 and 520, even though not expressly enumerated.
Further, the court finds that CPL 520.30 does not prohibit the People from making an application to the court to inquire into the sufficiency of the bail bond and the source of the cash bail in the event that any bail is posted. The statute does not prevent such an application, and where the statute has been silent, the courts have filled in the gaps (People v McIntyre, 168 Misc 2d 556, supra; People v Martinez, supra; People v Esquivel, supra, at 726).
*69 With respect to cash bail, the statute specifically provides that the People must show reasonable cause to believe that the person posting the cash bail is not in rightful possession of the money or that such money constitutes the fruits of criminal or unlawful conduct (CPL 520.30 [1]).
An offer of proof by the People, setting forth the grounds for suspecting the legitimacy of the money posted, should suffice to meet the burden (People v Esquivel, 158 Misc 2d 720, 727, supra)
The People have offered proof providing reasonable grounds to believe that any source of collateral for any future bail bond or money for cash bail could come from a source resulting from criminal or unlawful conduct. The People’s affirmation contains numerous and specific allegations of the association and contact of this defendant, Vincenzo Pullara, with known members of the organized crime world.
Therefore, the court hereby orders that a sufficiency hearing be held, pursuant to CPL 520.30, in the event of a bail bond, before a bail bond is signed by the court, or, in the event of cash bail, before cash bail is accepted for the defendant, Vincenzo Pullara.
Further, it is hereby ordered that the defendant, Vincenzo Pullara, remain in the custody of the Sheriff of Nassau County until this court issues an order either approving or disapproving the bail.