OPINION OF THE COURT
Laura A. Ward, J.
The petitioner has filed a writ of habeas corpus. This Court has reviewed the petition, the minutes of the March 28, April 16, April 25, and May 3, 2001 proceedings, and the memoranda filed by the parties. The writ seeks review by this Court of the amount of bail fixed in the petitioner’s criminal case by a judge of coordinate jurisdiction and that same judge’s rejection of the surety.
The petitioner’s first trial in the case underlying this petition ended in a mistrial due to the inability of the jury to reach a unanimous verdict. According to the petitioner’s papers, the last vote of that jury was 11 to 1 for conviction. Following the *823 mistrial, the sole dissenting juror posted bail for the petitioner and the petitioner was released.
On April 16, a hearing was held with regard to the petitioner’s bail. At the close of the hearing, the petitioner’s bail was increased. The bail was subsequently posted by two individuals.
On April 25 and May 3, a hearing was held for the purpose of establishing the reliability of the persons posting the bail. While many factors were argued and considered by the court, the petitioner called only one witness, solely to establish the reliability of the two individuals. It was established that the two individuals knew nothing about the petitioner, except what they read in a newspaper and learned from the petitioner’s attorney. The testimony confirmed that the two individuals who posted the bail had never met the petitioner or any members of his family and that they were posting bail for him due to the length of his incarceration and other personal motives which had no specific relevance to the petitioner.* Additionally, the testifying witness indicated that, because of the absence of any relationship between the witness and the petitioner or his family, the witness could not assure the petitioner’s return to court. The witness also testified that the other individual posting the bail would be disappointed about losing his money. At no time did the witness state that return of the money was important to him or the other individual or that either man could assure the petitioner’s return to court.
Following argument by the petitioner’s counsel and an Assistant District Attorney, the court disapproved the bail posted by the two individuals. The court concluded, inter alia, that due to the total lack of a relationship between the petitioner and those posting the bail, the posting of bail “contravenes public policy” (CPL 520.30 [1]). The court reasoned that due to the lack of a relationship between the parties, the petitioner would not feel an obligation to the individuals posting the bail and that since the petitioner would not care whether these individuals lost the bail money if he failed to return to court, the posting of the bail would not insure the petitioner’s return. Additionally, the two individuals posting the bail did not show any real concern about losing the money posted for bail which indicates that they would not seek the petitioner’s return in order that the bail money be returned to them.
*824 The petitioner now challenges the increasing of his bail and the disapproval of the money posted as bail by the two individuals. The petitioner claims the court abused its discretion with regard to both of these decisions. The respondent has submitted papers in opposition to the petitioner’s arguments, and has raised an additional issue which, if it has merit, would preclude this Court from reaching the issues raised by the petitioner.
The respondent argues that this Court does not have the jurisdiction to entertain the petitioner’s habeas corpus petition as it pertains to the disapproval of the posted cash bail. The respondent contends that review of the decision rejecting the bail is available by way of a proceeding pursuant to article 78 of the Civil Practice Law and Rules and since an alternative remedy exists for review of the challenged determination, the petitioner may not proceed by means of habeas corpus and thus the Court lacks the jurisdiction to entertain the petition. Under the circumstances of this case, the Court disagrees with the respondent’s position.
In People ex rel. Shapiro v Keeper of City Prison (290 NY 393, 399 [1943]), the Court of Appeals found that a reviewing court had the jurisdiction to entertain a writ of habeas corpus based on the denial of bail and that “its inquiry was only as to the legality of the denial of bail, as to whether or not the denying Court has abused its discretion by denying bail without reason or for reasons insufficient in law.” The petitioner here seeks review of the court’s determination that the bail posted was inadequate to secure the petitioner’s return to court, that the determination effectively denied bail to petitioner, and therefore this Court has jurisdiction to entertain the writ of habeas corpus. Of course the only review will be as to whether the court’s determination was arbitrary, capricious, or an abuse of discretion in reaching its conclusion (see People ex rel. Masselli v Levy, 126 AD2d 501, 503 [1st Dept 1987] [holding that the function of a habeas corpus court “is solely to determine whether the constitutional or statutory standards inhibiting excessive bail or the arbitrary refusal of bail are violated”]; see also, People ex rel. Rosenthal v Wolfson, 48 NY2d 230 [1979]).
The petitioner now argues that the court lacked the jurisdiction to hold a hearing with regard to the relationship of the petitioner to the sureties and that the hearing should only have been limited to whether the cash posted was unlawfully in the possession of the person posting the cash bail or was the fruit of criminal or unlawful conduct (CPL 520.30 [1]). The respondent asserts that the petitioner has waived his right to *825 contest the validity of the hearing due to his voluntary participation in the hearing. A review of the minutes of April 25 and May 3, 2001 reveals that petitioner objected to the holding of the hearing for any purpose other than determining the lawful possession of the cash posted as bail or whether the cash was the fruit of illegal or unlawful conduct. Additionally, the petitioner consistently objected to questions that did not go to these issues. It is clear that the petitioner did not willingly participate in the hearing as it pertained to matters other than the lawful possession of the cash or whether the cash was the fruit of illegal or unlawful conduct. The petitioner’s participation in the hearing was obviously for the protection of his rights. Therefore, the petitioner has not waived his right to contest the validity of the hearing.
As to the court’s decision to increase the petitioner’s bail from $2,500 to $10,000, the court had ample facts upon which to rely in increasing the petitioner’s bail, including but not limited to the petitioner’s knowledge of the 11 to 1 vote for conviction, the petitioner’s prior criminal record, and the fact that if convicted the petitioner faces a mandatory sentence of 4V2 to 9 years (see CPL 510.30 [2] [a]). Based upon the record, I find that the court did not act arbitrarily or capriciously and did not abuse its discretion by increasing the petitioner’s bail.
The petitioner challenges the disapproval of the cash bail posted by the two sureties. Initially, the petitioner argues that the court lacked the jurisdiction to conduct a hearing pursuant to CPL 520.30. The petitioner argues that since cash bail was posted, the court could only make inquiry of the person posting cash bail if the court “had reasonable cause to believe that the person posting cash bail is not in rightful possession of money posted as cash bail or that such money constitutes the fruits of criminal or unlawful conduct” (CPL 520.30 [1]). The petitioner states that, since the court had no reasonable cause to believe that either of the conditions existed, the court lacked the authority to hold the hearing and to disapprove the sureties.
At first blush, it appears that the petitioner’s argument has merit. However, upon further examination of the statutes which address bail and the courts’ obligations with respect to bail, it is clear that the petitioner is incorrect.
Initially, I note that the respondent contends that the provision of CPL 520.30 (1) requiring that, prior to conducting an inquiry upon the posting of cash bail, the court must have reasonable cause to believe that the cash was not lawfully possessed by the person posting the bail or that the cash is the *826 fruit of criminal or unlawful conduct, is inapplicable in this case. The respondent argues that this provision is only applicable to inquiries held based upon an application of the District Attorney, and that the inquiry in this case was conducted, not upon the District Attorney’s application, but was initiated by the court and the petitioner. This argument is clearly belied by the record. The transcripts of both the April 25 and May 3, 2001 proceedings establish that the inquiry of the person posting cash bail was held at the request of the District Attorney.
On page four of the transcript of the April 25, 2001 proceedings, held prior to the posting of the cash bail, the court asks the Assistant District Attorney assigned to the case what the People’s position was with regard to the anticipated posting of the cash bail. The Assistant District Attorney responds that “[t]he People request to examine the source of the money, your Honor” (lines 9, 10). Additionally, at page five of the transcript of the May 3, 2001 proceedings, held after the cash bail was posted, the Assistant District Attorney states that‘T think as Mr. Levenson probably knows, your Honor, certainly the source of the money is important and relevant and something that we are entitled to look into and the Court is entitled to look into” (lines 19-23). Clearly, the inquiry of the person posting the bail was held at the behest of the District Attorney.
Two provisions of the CPL come into play here, CPL 510.40 and 520.30.
CPL 510.40 (3) states that “[u]pon the issuance of an order fixing bail, and upon the posting thereof, the court must examine the bail to determine whether it complies with the order. If it does, the court must, in the absence of some factor or circumstance which in law requires or authorizes disapproval thereof, approve the bail” (emphasis added). It is therefore mandatory for the court to examine the bail by some method prior to approving the bail.
On the other hand, the provisions of CPL 520.30 are not mandatory and inquiry pursuant to CPL 520.30 is discretionary. This section states that “[following the posting of a bail bond and the justifying affidavit or affidavits or the posting of cash bail, the court may conduct an inquiry” (CPL 520.30 [1] [emphasis added]). Therefore, while the court, pursuant to CPL 510.40 (3), must examine the posted bail, the section is silent as to the method of such examination. While there exists a prerequisite in CPL 520.30 (1) concerning the discretionary inquiry upon the posting of cash bail, no such prerequisite limits the mandatory examination to be held upon the posting *827 of bail (CPL 510.40 [8]). Thus, no reason exists precluding the examination by way of a hearing. In Matter of Johnson v Crane (171 AD2d 537, 539 [1st Dept 1991]), the court held a bail-setting court has "substantial discretion” in determining whether or not to conduct an inquiry into the source of bail collateral, and that such a court should not feel limited to the matters expressly put forth in subdivision (1) of CPL 520.30. Therefore the fact that CPL 520.30 (1) does not specify strangers posting bail as an enumerated reason to conduct a surety hearing does not preclude the court from doing so, if it determines that such a result could contravene public policy.
It is clear from the bail proceedings, which are the subject of this petition, that the court fixing the bail fixed the bail at an amount which it believed would likely ensure the petitioner’s return, and therefore such bail must comply with the court’s order by being not only the amount fixed by the court, but also of such nature and quality to be likely to ensure the petitioner’s return. Additionally, there does exist a factor in law which authorizes disapproval of posted bail. That provision, found in CPL 520.30 (1), permits the court to disapprove bail which “contravenes public policy.”
Upon review of the court’s ruling and information upon which the court made its ruling, I find that the court did not act in an arbitrary or capricious manner nor did the court abuse its discretion in disapproving the bail posted by the two individuals who had no relationship to the petitioner.
The purpose of bail is to insure a defendant’s return to court at all proceedings during the pendency of his or her case. “The assumption is that a defendant would have an incentive to appear if the defendant’s assets or those of a family member are put at risk if the defendant absconds” (see People v McIntyre, 168 Misc 2d 556, 563 [Sup Ct, Kings County 1999]). In McIntyre, the court held that the defendant’s relationship with his uncle, another nonblood relative, and other contributors to defendant’s bail was so thin that the indemnitors could not ensure defendant’s return for future court dates, nor was it shown that defendant would feel obligated to return for fear of the indemnitors’ loss (see also, People v Agnello, 183 Misc 2d 694, 697 [Sup Ct, Queens County 2000] [holding that since the indemnitor assumes the risk of the defendant’s flight, public policy requires that the court be allowed to examine the relationship between the defendant and indemnitor, and to what extent the collateral posted will deter the defendant’s flight from the jurisdiction]). While there might have been other fac *828 tors which would, inure to the petitioner’s benefit with regard to whether he would return to court, it was not unreasonable for the court to find that the total lack of a relationship between the petitioner and those posting bail did not comply with its order and contravened public policy. The burden was upon the petitioner to ultimately persuade the court that the two obligors would in fact be able to secure the petitioner’s return to court. (People v Esquivel, 158 Misc 2d 720, 727 [Sup Ct, NY County 1993].) The record is completely devoid of any testimony or evidence of how the two individuals posting the bail would ensure the petitioner’s appearance for all future court dates. Additionally, citing CPL 520.15 (2) (e), which requires that “[t]he person posting cash bail must complete and sign a form which states” among other things, that he will “undertake that, the principal [defendant] will appear in such action or proceeding,” the court found that based on the facts known to the court, the sureties could not fulfill that obligation.
The court therefore acted within its authority in disapproving the posted bail, and did so in a manner that was neither arbitrary or capricious, nor an abuse of discretion.
The petition is denied and the writ is dismissed.

 The petitioner is charged with the crime of criminal sale of a controlled substance in the third degree, in violation of Penal Law § 220.39. The individuals who posted the bail oppose the Rockefeller Drug Laws.